HENRY F. WALLING *vs.* FREDERICK W. BEERS & others.

Suffolk. March 24. — Sept. 16, 1876. DEVENS & LORD, JJ., absent.

A bill in equity, filed in this state against a person residing in another state, seeking relief only against him personally, was served on the defendant by leaving a subpœna at his last and usual place of abode in that state. He appeared specially "for the purpose of excepting to the jurisdiction of the court," and moved that an injunction against him should be vacated. This motion was overruled. He then filed an answer to the bill, not waiving the objection to the jurisdiction of the court. There was no other or formal motion to dismiss the bill. The court after-

wards ordered the injunction to be dissolved on the defendant filing a stipulation to abide the decree of the court in the case. The defendant filed the stipulation, and a decree was entered against him. *Held,* that the court had not acquired jurisdiction over the defendant ; and that his acts did not amount to a waiver of the objection of the want of jurisdiction.

BILL IN EQUITY, filed December 29, 1874, praying for an injunction to restrain the defendants from selling certain maps. Hearing before *Ames,* J., who reported the case for the consideration of the full court, in substance as follows :

The defendant Beers resided in the State of New York, and the only service made upon him was by leaving, on December 30, 1874, a notice at his last and usual place of abode in that state, to appear and show cause why a preliminary injunction should not issue against him, as prayed for in the bill. On January 2, 1875, an injunction was issued as prayed for. On January 5, 1875, Beers filed a special appearance " for the purpose of excepting to the jurisdiction of the court," and moved " that the injunction be discharged and vacated for want of jurisdiction." This motion was overruled, and he filed an answer to the bill, not waiving the objection founded on the want of jurisdiction of the court. There was no other or formal motion to dismiss the bill as to him on that ground. It was afterwards ordered that the injunction should be dissolved, provided the defendant Beers should, within one week from the date of the order, file a written stipulation, with sufficient surety, to indemnify the plaintiff against all damages and costs, according to the final decree of the court, if any such there should be, in favor of the plaintiff, and generally to comply with such final decree. This order having been complied with, the injunction was, on January 28, 1875, dissolved.

The plaintiff was afterwards allowed to amend his bill by adding thereto a prayer that the defendants be required to render an account and to pay over to him all the profits of said publication, or an equitable portion thereof, or such as would have accrued if the work had been performed with proper skill, care and diligence.

Upon the facts of the case, it was afterwards decreed that, as to all the defendants except Beers, the bill should be dismissed, with costs ; but that the bill should be maintained

against him, and that the case be submitted to a master to ascertain and report the account between him and the plaintiff, and particularly what profits Beers had derived or should fairly be charged with, and what damage the plaintiff had sustained.

*G. Griggs & W. A. Field*, for the plaintiff.

*W. S. Macfarlane*, for the defendant Beers.

AMES, J.   The decree sought for was to operate upon the defendant personally, and it was therefore necessary that he should be personally brought within the jurisdiction of the court.   The service which was attempted to be made upon him, by a copy left at his last and usual place of abode in New York, would not have that effect. *Spurr* v. *Scoville*, 3 Cush. 578. *Moody* v. *Gay*, 15 Gray, 457.

It is true that he was served with a notice to show cause why a preliminary injunction should not issue as prayed for in the bill, and that, upon his failure to appear, such an injunction was granted.   And, at a later stage of the case, this injunction was dissolved upon his filing a written stipulation to fulfil and promptly comply with any decree of the court in favor of the plaintiff, if there should be any such decree.   But, although the case was tried upon issue joined upon the answer, the objection upon the ground of want of jurisdiction was seasonably taken. There was no formal motion that the bill should be dismissed, but it is sufficient that, by the form of his appearance, the objection was brought to the attention of the court.   The defendant, by proceeding to trial afterwards, does not lose the right to say that he did not thereby withdraw his protest against the jurisdiction of the court.          *Bill dismissed, with costs.*