# FIREMAN'S FUND INS. CO. *v.* COLE.

(Division A. Feb. 26, 1934. Suggestion of Error Overruled April 23, 1934.)

[152 So. 872. No. 30912.]

Stovall & Stovall, of Okolona, and **Watkins & Eager,** of Jackson, for appellant.

Geo. T. & Chas. S. Mitchell, of Tupelo, for appellee.

Argued orally by **W. H. Watkins**, for appellant, and by **Geo. T. Mitchell**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment for the appellee on a fire insurance policy issued to her by the appellant.

The only error assigned is the overruling, by the court below, of the appellant's plea to the court's territorial jurisdiction. The issue presented by this plea was tried without a jury on an agreed statement of facts.

The court below has general jurisdiction of suits of this character, and, by the filing of a plea to its jurisdiction, obtained jurisdiction of the appellant's person.

Whether the venue, and consequently the territorial jurisdiction, was in Lee county, is governed by section 497, Code 1930, reading as follows: *"Venue—actions against insurance companies.*—Actions against insurance companies may be brought in any county in which a loss may occur, or, if on a life policy, in the county in which the beneficiary resides, and process may be sent to any county, to be served as directed by law; and such actions may also be brought in the county where the principal place of business of such corporation or company may be, and in case of a foreign corporation or company, may be brought in the county where service of process may be had on an agent of such corporation or company or service of process in any suit or action, or any other legal process, may be served upon the insurance commissioner of the state of Mississippi, and such notice will confer jurisdiction on any court in any county in the state where the suit is filed, provided the suit is brought in the county where the loss occurred, or in the county in which the plaintiff resides."

The appellee says that by the use of the word "may" in fixing the several venues, the statute merely permits, and does not require, suits against insurance companies to be brought in the counties designated by the statute. To this we cannot accede, but must hold that, by designat-

ing the counties in which suits may be brought, the statute thereby excluded other counties therefrom. The appellee further says that the provision of the statute as to the county in which the suit must be brought applies only when process is served on the insurance commissioner. The appellee is correct as to the effect of the statute when service is had on the insurance commissioner, and it will not be necessary for us to decide whether the appellant or the appellee is right when service is had on an agent of an insurance company.

One of the appellant's contentions is that suits against foreign insurance companies must be brought in the county where the loss occurred, or in the county in which the plaintiff resides, and that, when this is done, process may be served on an agent of the company appointed to receive service of process, or on the insurance commissioner. According to the appellant, to come within the statute, Mrs. Wicks must (1) have been, in fact, an agent of the appellant when the process was served on her, and (2) have been duly appointed by the appellant to accept service of process for it under section 5165, Code 1930. We agree with the first of these contentions, and since the appellee admits that Mrs. Wicks was not an agent of the appellant when the process was served on her, it will not be necessary for us to determine the second.

But the appellee says that, because Mrs. Wicks represented the appellant at the time the insurance policy was issued, service of process on her was authorized by section 4167, Code 1930. That section relates only to the method of obtaining jurisdiction of the person of foreign corporations, and has no relation to venue or territorial jurisdiction of the court from which the process issues. Foreign corproations are subject to suit in this state only in accordance with statutes so providing, and section 497, Code 1930, provides the place where suits against them must be brought.

The court below should have sustained the plea to the jurisdiction and dismissed the cause. After this

plea was overruled, the appellant pleaded to, and the cause was tried on, the merits of the cause, because of which the appellee contends that the appellant waived its plea to the jurisdiction, and cannot now complain at the overruling thereof.

We will assume that the territorial jurisdiction of the court would have been waived had the appellant gone to trial on the merits without objecting to the court's jurisdiction; but it does not follow therefrom that such jurisdiction was here waived.

Under section 532, Code 1930, when the defendant's plea to the jurisdiction, or in abatement of a suit, is disallowed, he has the right to plead to the merits, but the statute does not provide that, by availing himself of this privilege, a defendant waives his former pleas, and no waiver results therefrom. Southern Pac. Co. v. Denton, 146 U. S. 202, 13 S. Ct. 44, 36 L. Ed. 942; Walling v. Beers, 120 Mass. 548; Miss. Central R. R. Co. v. Calhoun, 140 Miss. 289, 105 So. 519, wherein a case was tried by the lower court on its merits after an overruling of a plea to the jurisdiction; and cases cited in note to Fisher v. Crowley, 4 Ann. Cas. 290.

The appellee relies on Fisher v. Pacific Mut. Life Ins. Co., 112 Miss. 30, 72 So. 846, and Camden Fire Ins. Ass'n v. Delaney Moss Co., 152 Miss. 342, 118 So. 535, neither of which is controlling here. In both of these cases it is clear that the court dealt with questions there presented simply as objections to the service of process under section 3946, Code 1906, section 2999, Code 1930, and correctly held that the defects in the process were cured by the appearance of the defendant to object to the process. By so appearing the defendants—but only because the statute so provides—subjected their persons to the jurisdiction of the court to the same extent as if they had been duly served with process; but this court has repeatedly held that such an appearance does not constitute a waiver of a defendant's right to plead to the jurisdiction of the court. Heggie v, Stone, 70 Miss.

41, 12 So. 253; Miss. Central R. R. Co. v. Calhoun, supra; Turner v. Williams, 162 Miss. 258, 139 So. 606; Arnett v. Smith, 165 Miss. 55, 145 So. 638.

Reversed, and cause dismissed.