UNITED STATES CASUALTY Co. *et al. v.* WELLS.

(Division A.   Jan. 31, 1938.   Suggestion of Error Overruled March 14, 1938.)

[178 So. 483.   No. 32918.]

Roach & Jones, of McComb, and C. T. Gordon, of Liberty, for appellants.

466

Hathorn & Williams, of Poplarville, and **F. D. Hewitt,** of McComb, for appellee.

468

Argued orally by **Gordon Roach** and **Bert Jones**, for appellant, and by **F. C. Hathorn**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

In the chancery court the appellee recovered a decree against the United States Casualty Company, as surety, and the New Orleans Corrugated Box Company, Inc., as principal, under the Louisiana Employers' Liability Act, Act No. 20 of La. 1914, as amended. Both corporations have appealed to this court.

As to the New Orleans Corrugated Box Company, Inc., it is conceded that the court below erred in retaining jurisdiction of it as being suable in Mississippi, under the circumstances clearly developed in the record. The court below should have dismissed the cause, and erred in not doing so, under the authority of Arnett v. Smith, Inc., 165 Miss. 53, 145 So. 638; Fireman's Fund Ins. Co. v. Cole, 169 Miss. 634, 152 So. 872; First Nat. Bank v. Mississippi Cottonseed Products Co., 171 Miss. 282, 157 So. 349.

Likewise, the bill will of necessity have to be dismissed by this court as to the United States Casualty Company et al. under Louisiana Act No. 20, Laws of 1914, as amended by Louisiana Act No. 85, Laws of 1926, p. 121, section 18, subd. 1, par. (B) thereof.

The appellee did not prove that a demand was made upon the employer for compensation in his behalf; on the contrary, the record clearly shows that no such demand was made for the compensation here sued for. If

it be conceded that appellee, in her bill of complaint, alleged that she had made demand for such compensation, it is clear, and beyond argument, that the appellants denied such allegation, and affirmatively asserted that no demand had been made for compensation under the act. The bill, for this reason, must be dismissed. We so held in Travelers' Ins. Co. v. Inman, 147 So. 663, citing in support of our opinion Chafin v. Meridian Lumber Co., 12 La. App. 73, 125 So. 483. We there held that a demand for, and refusal to pay, compensation under the statute was a condition precedent to the maintenance of the suit.

Reversed and bill dismissed.