269 So.2d 865 (1972)
R. Brent FORMAN et al.
v.
James W. CARTER et al.
No. 47246.
Supreme Court of Mississippi.
November 27, 1972.
*866 Brandon, Handy & O'Beirne, R. Brent Forman, Natchez, for appellants.
Gwin & Gwin, Lucien C. Gwin, Jr., Natchez, for appellees.
SUGG, Justice:
Appellants, Trustees of the Natchez Municipal Separate School District, Ex Rel. Edwin E. Benoist, Jr., District Attorney, appealed from an order of the Circuit Court of Adams County, Mississippi dismissing appellant's petition for a writ of mandamus which sought to require appellees to levy an additional 2 mill tax levy under Section 6518-07 Mississippi Code 1942 Annotated (Supp. 1956).
The principal question for determination by the Court is whether the board of supervisors or the governing authorities of a municipality, as the case may be, has the discretion under Section 6518-07 Mississippi Code 1942 Annotated (1952) to reduce, in whole or in part, the tax levy above 25 mills for operation of a school district when authorized by the voters of such school district.
The Natchez Special Municipal Separate School District embraces all of Adams County with a Board of Trustees composed of five members, two of whom are appointed by the board of supervisors and three of whom are appointed by the Board of Aldermen of the City of Natchez.
After the amendment of Section 6518-07 Mississippi Code 1942 Annotated (Supp. 1956) in 1962, the Trustees of Natchez Special Municipal Separate School District filed the required petition and the board of supervisors called an election which resulted in approving an additional tax levy of 3 mills. The board of trustees, by letter dated July 31, 1972, requested the board of supervisors to levy 30.25 mills for school purposes consisting of 3.25 mills for bond and interest payments, 5 mills for minimum education program under Section 6518-02 Mississippi Code 1942 Annotated (Supp. 1956), 20 mills for maintenance under Section 6518-06 Mississippi Code 1942 Annotated (Supp. 1956) and 2 of the 3 mills authorized by Section 6518-07 Mississippi Code 1942 Annotated (Supp. 1956).
The board of supervisors approved a levy of 28.25 mills but declined to levy the 2 mills requested under the provisions of Section 6518-07. Appellants filed a petition for a writ of mandamus to compel appellees to levy the 2 mills requested. The Circuit Court dismissed the petition holding that appellees had the discretion to reduce the requested levy.
Appellants contend that the board of supervisors have no discretion in levying such tax when requested by the board of trustees, and argue that when the qualified electors approve an additional 3 mill tax, this mandate from the electorate cannot be nullified by the action of a majority of the board of supervisors; that when the entire plan for levying taxes for school districts is examined, it is clear that the Legislature did not intend to give the board of supervisors authority to veto the action of voters who agree to an extra tax levy for the benefit of their school.
Section 6518-07 Mississippi Code 1942 Annotated (Supp. 1956) was first enacted as Section 7, Chapter 261, Laws of Mississippi 1954 and provided for reduction of the increased levy as authorized therein by the board of supervisors or the governing authorities of the municipality, as the case may be, in the following language:
[P]rovided, however, that said tax levy shall not exceed tax limits clearly set forth in section 13 of this act and further provided said tax levy may be reduced *867 for any specific year by the board of supervisors or the governing authorities of the municipality, as the case may be, upon request of the board of trustees of the school district, such request to be evidenced by an order of such board of trustees entered upon its minutes and certified to the board of supervisors or the governing authorities of the municipality, as the case may be. [Chapter 261, Laws of Mississippi at 295] (Emphasis supplied).
The 1954 Act was amended by Chapter 360, Laws of Mississippi 1962, as Section 6518-07 Mississippi Code 1942 Annotated (1952), and provides for the reduction of the additional tax levy by the board of supervisors or the governing authorities of the municipality, as the case may be, in the following language:
When an additional tax has been authorized and the amount thereof fixed as provided in this section, then same shall be levied from year to year as long as the district is maintained unless same shall be changed by a petition of a majority of the qualified electors of the district or as a result of an election called and held in the manner herein provided; provided, however, that said tax levy may be reduced for any specific year by the board of supervisors or the governing authorities of the municipality, as the case may be. Provided, however, no part of such additional three (3) mill levy shall be reimbursable under the homestead exemption laws of the State of Mississippi. [Chapter 360, Laws of Mississippi at 630]. (Emphasis added).
Section 6518-07 as originally enacted provided that the annual levy could be reduced by the board of supervisors upon request of the board of trustees of the school district, as evidenced by an order on the minutes, but, by the amendment of 1962, the Legislature deleted the previous requirement of the 1954 Act that the reduction of the tax levy be requested by the board of trustees of the school district involved. The statute, as amended, vests discretion in the board of supervisors or the governing authorities of the municipality, as the case may be, to reduce such tax levy for any specific year.
It is here noted that the statute provides that the additional tax levy may also be reduced by petition of a majority of the qualified electors of the district or by the results of an election called and held in the manner provided by statute.
Appellants also contend that Section 3, Chapter 360, General Laws of 1962 [appearing as Section 6518-07.5 Mississippi Code 1942 Annotated (1956)] expresses the intent of the Legislature to authorize school districts, rather than the board of supervisors, to levy an additional tax not to exceed 3 mills when such districts levy the full 25 mills permitted by the Code Sections therein enumerated.
Section 3 is in the following language:
All other statutes in conflict with this provision are hereby repealed to the extent that said statutes conflict with the provisions herein of allowing an additional three (3) mills maximum over and above the taxes provided by sections 6518-01, 6518-02, 6518-05 and 6518-06, Mississippi Code of 1942, 1960 Cumulative Supplement, it being the intent of this statute to permit school districts which are levying the full twenty-five (25) mills provided by sections 6518-01, 6518-02, 6518-05 and 6518-06, Mississippi Code of 1942, 1960 Cumulative Supplement, to levy an additional tax not to exceed three (3) mills. [Section 6518-07.5 Mississippi Code 1942 Annotated (Supp. 1972)].
The above quoted Section must be considered along with the other laws pertaining to the levy of taxes and it is noted that Section 9889, Mississippi Code 1942 Annotated (Supp. 1972) vests authority in the board of supervisors to levy the ad valorem taxes for the road districts, school districts and any other taxing districts of the various counties. Section 9889 has been a *868 part of the law of this State in varying forms since 1857 and was not repealed by Section 6518-07.5 Mississippi Code 1942 Annotated (1956).
In addition to the provisions of Section 9889 vesting authority to levy taxes in the board of supervisors, both the original Act of 1954 and the amendment of 1962, (Chapter 360, Laws of Mississippi 1962) contain the following language:
[T]he board of supervisors or governing authorities of the municipality, as the case may be, shall annually levy said tax upon all of the taxable property of the school district at the same time and in the same manner as other ad valorem taxes are levied. ... [Section 6518-07 Mississippi Code 1942 Annotated]. (Emphasis added).
Sections 6328-90 and 6328-93 Mississippi Code 1942 Annotated (Supp. 1972) provide that all statutes relating to the assessment, levying and collection of ad valorem taxes for a municipal separate school district shall be applicable to special municipal separate school districts except that the assessment and levy shall be made by the board of supervisors, and that the provisions of Section 6, Chapter 261, Laws of 1954 and any other applicable statutes shall be fully applicable to special municipal separate school districts.
Section 6518-07 is clear and unambiguous, and the other statutes referred to by appellant neither cast doubt on its meaning nor render it ambiguous. It clearly vests authority in the board of supervisors to levy the additional tax in the same manner and at the same time "as other ad valorem taxes are levied," thus retaining the authority conferred on the board of supervisors to levy taxes as provided by Section 9889 Mississippi Code 1942 Annotated (Supp. 1972).
It is a well recognized principle of law in this State that ambiguity must exist in the language used by the Legislature in a statute before resort will be had to any rules of statutory construction or interpretation. Without ambiguity, the controlling law of this State requires that the Court look no further than the clear language of the statute and apply it. In State v. Heard, 246 Miss. 774, 151 So.2d 417 (1963) this Court said:
Where the legislative language is plain and unambiguous, and conveys a clear and definite meaning, as we think section 5904 does, there is no occasion for resorting to rules of statutory interpretation. 50 Am.Jur., Statutes, sec. 410. [246 Miss. at 781, 151 So.2d at 420].
For the reasons stated, the action of the trial court is affirmed.
Affirmed.
RODGERS, P.J., and JONES, INZER and BROOM, JJ., concur.