490 So.2d 1225 (1986)
NEW SOUTH COMMUNICATIONS, INC.
v.
ANSWER IOWA, INC., et al.
No. 55572.
Supreme Court of Mississippi.
June 4, 1986.
Thomas D. Bourdeux, E. Gregory Snowden, Bourdeaux & Jones, Meridian, for appellant.
Harold D. Miller, Jr., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellees.
Before PATTERSON, C.J., and HAWKINS and ANDERSON, JJ.
HAWKINS, Justice, for the Court:
New South Communications, Inc., appeals from an order of the chancery court of the First Judicial District of Harrison County reversing and remanding an order of the Mississippi Public Service Commission granting a certificate of public convenience and necessity unto it to own and operate a radio transmitted paging service. Briefs have been filed with us by New South and the only contestant, Answer Iowa, Inc.
Finding the order of the Commission supported by credible evidence that there was a public need for this service, we reverse and reinstate the order of the Commission.

FACTS
New South is a Mississippi corporation with principal offices in Meridian engaged in radio broadcasting. It owns two radio stations in Biloxi, utilizing a 320 radio tower in Ocean Springs.
On August 13, 1982, it petitioned the Commission for authority to own and operate a radio paging service. The petition sought authority to:
... establish, maintain and operate a personal paging service which will be engaged in the transmission of both tonal and vocal messages by radio as a public *1226 communication service for compensation or hire between a base radio transmission and receiving station to portable units in the possession of persons who subscribed to the service. Petitioner proposes to locate its base station and transmitter at an existing radio tower owned by the corporation in the City of Ocean Springs, Jackson County, Mississippi... .
The area to be served was described as:
... an area encompassed by a twenty-five mile radio from the location of its existing radio tower in the City of Ocean Springs, Jackson County, Mississippi, which such area is approximately shown on the mat attached as Exhibit "B" hereto... .
As to facilities New South alleged:
4. The facilities which petitioner proposes to establish in connection with its personal paging service will consist of the necessary base station (including tower, transmitter, terminal, antenna, transmission lines, etc.), as well as numerous one-way pagers to be provided to its subscribers. Petitioner already owns a 320 foot radio transmission tower in Ocean Springs, Jackson County, Mississippi, which may readily and economically be adapted for use with its paging transmitter with an effective radiated power of 500 watts. Petitioner proposes to broadcast in the 900 MHz frequency band allocated for such use by the Federal Communications Commission. .. .
The petition finally alleged that the petitioner:
... is in all respects qualified, ready, willing and able, both from the financial standpoint and from the standpoint of technical qualifications, to perform and render the service it proposes to perform in its application; that the same is required and justified by the public convenience and necessity in the area involved, and, therefore, that petitioner's application should be granted.
Following notice to the public Answer Iowa, an Iowa corporation with principal offices in Des Moines, contested the petition, objecting to any certificate being issued to New South. At the hearing on November 30, 1982, one of the commissioners expressed reservations about the Commission having jurisdiction to hear a petition of this nature. The jurisdiction was never challenged by any party, however.
Answer Iowa operates paging services in seven states. One of its operations is on the Mississippi gulf coast, where it has been in business a number of years. Its services include the radio common carrier, a two-way radio communication, a two-car telephone service, and radio paging services, all of which were operated under the certificate of public convenience and necessity issued by the Commission. Answer Iowa is also licensed by the Federal Communication Commission, and is engaged in a telephone answering service, which is not regulated by the Commission or the Federal Communication Commission.
In support of its petition the president and the engineer of New South testified that this corporation would invest $32,000 which would enable it to carry on the service described in the petition from its tower. Maps of the cities and county areas to be covered in George, Stone, Jackson and Harrison counties were introduced and made exhibits.
Over the objection of Answer Iowa, New South introduced as exhibit ten letters, two from public officials in Jackson County, and eight from commercial firms of the need for the service New South proposed to furnish. When New South rested, John A. Lund of Answer Iowa testified in opposition. He testified his company was already furnishing this service, as well as the other services above stated, had over 1,000 customers, and that there was no need for a certificate to be granted New South. He testified his company had spent $750,000 on the coast and this competition would be harmful to it. The Commission granted the certificate by order dated January 25, 1983. On appeal the chancery court reversed, finding:
... [i]n order for the Public Service Commission to issue a public utility certificate to New South, it must first be shown that there is a public need for the service applied for. The only evidence *1227 that would tend to show such a public need is a series of letters from residents and businesses of the area involved that were admitted into evidence over the objection of the appellant. This Court is of the opinion that these letters were not properly admitted; however, even if their admission was proper, the Court can find nothing in the letters that speak directly as to the need of any of the parties for this service. None of the letters speak to whether or not the existing facility is inadequate or whether or not they themselves would use the new service. If the authors had been present for examination, possibly some relevant evidence would have been developed.
In addition, the existing facility rule requires that in order to authorize additional service within a certified area, it must be shown that the proposed new service is different, actually needed, or addresses itself to a problem not corrected by the existing facility. Otherwise, a wasteful duplication of facilities would occur. None of the testimony elicited in the Public Service Commission hearing in any way tended to show that the new service authorized would be in any way different from the existing facility. Nor was there any testimony to indicate that the existing facility did not adequately serve the area.
The Court is therefore of the opinion that the Order of the Commission granting the application of New South Communications, Inc. is without substantial evidenciary [sic] basis and is contrary to the public policy and therefore is arbitrary, capricious, and unreasonable.
* * * * * *
Vol. II, p. 171.
On appeal New South assigns but one error, the Commission's finding was supported by credible evidence. We agree.
We find the Commission properly considered the letters from public officials and commercial establishments. This was not a case of great magnitude, the letters simply expressed an interest in having the service New South proposed. It would have served nothing to require New South to secure the personal attendance of these witnesses. If Answer Iowa wanted to rebut such evidence, it was free to offer evidence showing no need. Other than John Lund, it offered no evidence in opposition. Administrative bodies are not ordinarily bound to strict rules of evidence. See: Miss. Code Ann. § 77-3-45 (1972) and Keith v. Bay Springs Telephone Co., 251 Miss. 106, 168 So.2d 728 (1964).
The Commission acted upon substantial evidence in this case, and its order should be affirmed. See: Miss. Code Ann. § 77-3-59 (1972); Mississippi Public Service Comm. & Ansa-Phone of Pearl v. AAA Anserphone, 372 So.2d 259 (Miss. 1979); Keith v. Bay Springs Telephone Co., supra.
REVERSED, AND ORDER OF COMMISSION REINSTATED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.