## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 94-CC-00369-SCT

*BOBBY J. CHANDLER AND JACKSON FIREFIGHTERS ASSOCIATION LOCAL 87 UNION*

*v.*

*CITY OF JACKSON CIVIL SERVICE COMMISSION AND FIREFIGHTERS, LTD.*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/94 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | S. DENNIS JOINER |
| ATTORNEYS FOR APPELLEES: | WILLIAM A. GOWAN, JR. |
| | ROBERT B. MCDUFF |
| | SARAH ALICIA O'REILLY-EVANS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 1/9/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/30/97 |

**BEFORE PRATHER, P.J., BANKS AND MCRAE, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. This appeal arises from a March 18, 1994, order of the Circuit Court of Hinds County affirming a decision of the City of Jackson Civil Service Commission (the "Commission") to approve appointive positions above the rank of district fire chief in the Jackson Fire Department. Appellants Chandler and the Jackson Firefighters Association (the "appellants") contend that the circuit court used the wrong standard of review to evaluate the Commission's decision or in the alternative, that the Commission's decision was arbitrary and capricious. After careful review, we hereby affirm the Commission's ruling concerning the appointive position above the rank of district fire chief in the Jackson Fire Department, Deputy Fire Chief, and Division Fire Chief, as they are managerial positions.

I.

¶2. On August 12, 1993, City of Jackson Fire Chief Joseph Donovan submitted a written proposal to the Commission suggesting changes in appointive positions for Assistant Fire Chief, Deputy Fire Chief, and Division Fire Chief, such that he would be able to make the appointments. The

Commission accepted the proposal for consideration of adoption. By letter dated August 26, 1993, Chief Donovan requested approval of the changes and outlined reasons for doing so. On September 3, 1993, the Commission gave notice of the Fire Department's proposal to establish these appointive positions.

¶3. The Commission conducted a hearing regarding the appointive positions on September 16, 1993. There the appellant, Bob Chandler, and his attorney spoke against the adoption of the proposed changes, arguing that the Mississippi Civil Service statute, *Miss. Code Ann.* § 21-31-13, did not allow for appointive positions without competition and submitting written objections to the proposed changes. Chief Donovan responded to the Commission that "the assessment center process will be used as nearly as possible."

¶4. At the conclusion of the discussion, Commissioner Henry Clay stated that the Commission already allowed Chief Donovan to appoint the Deputy Fire Chief and that adequate criteria for selection existed to give employees protection. Subsequently, the Commission voted unanimously to adopt the proposed changes.

¶5. The appellants appealed to the Circuit Court of Hinds County, where the judge entered an order approving the Commission's acceptance of the proposed changes, finding that its actions were not "arbitrary and capricious."

¶6. The appellants contend that the circuit court incorrectly applied the "arbitrary and capricious" standard in reviewing the Commission's decision, which appellants feel was in derogation of state law. Further, the appellants argue in the alternative that even if the "arbitrary and capricious" standard is correct, the changes which were approved call for arbitrary and capricious decisions, rather than open and competitive ones. The appellees argue that the circuit court applied the correct standard and that the Commission was well within its enumerated powers to approve of the changes.

II.

**WHETHER THE TRIAL JUDGE APPLIED THE CORRECT LEGAL STANDARD**

¶7. This Court does not interfere with a municipality's legislative authority, substituting its judgment for that of the governing body, except where a proceeding or action is arbitrary, discriminatory, confiscatory, an abuse of discretion or in conflict with a state statute. *Peterson v. City of McComb*, 504 So. 2d 208, 209 (Miss. 1987). On the other hand, review of questions of law is de novo and if erroneous interpretation or application of the law exists, reversal is proper. *Harrison County v. City of Gulfport*, 557 So.2d 780, 784 (Miss. 1990).

¶8. Writs of certiorari are granted to the circuit court to determine questions of law on the face of the record and proceedings. *Miss. Code. Ann.* § 11-51-93 (1972). *Miss. Code. Ann.* § 11-51-95 (Supp. 1988) provides that "[l]ike proceedings as provided in section 11-51-93 may be had to review the judgments of all tribunals inferior to the circuit court, whether an appeal be provided by law from the judgment sought to be reviewed or not." A municipal civil service commission is included within "tribunals inferior," so the limitations under § 11-51-93 would apply to it. *See Gill v. Mississippi Dept. of Wildlife Conservation*, 574 So.2d 586, 591 (Miss. 1990).

¶9. This Court, in *Gill*, gave a helpful discussion of the review of judgments of tribunals inferior. After discussing how the language of § 11-51-93 might seem to preclude a factual review or determination of the existence of substantial evidence, this Court noted:

> [S]hould the record and proceedings below reflect a decision wholly unsupported by any credible evidence, we would regard that decision as contrary to law and, as a matter appearing on the face of the record or proceedings, subject to modification or reversal. We are thus in our familiar posture of judicial review of administrative processes wherein we may interfere only where the board or agency's decision is arbitrary and capricious, accepting in principle the notion that a decision unsupported by any evidence is by definition arbitrary and capricious.

*Id.*

¶10. The record does indicate that the circuit court below considered the entire record and the parties' arguments to determine whether the findings of the Commission were supported by substantial evidence. It is well settled that the court may make determinations of arbitrariness in decisions by boards, agencies and commissions. *See Gill*, *supra*; *Peterson*, *supra*; *City of Meridian v. Hill*, 447 So.2d 641, 643-644 (Miss. 1984); *Ridgewood Land Co. v. Simmons*, 243 Miss. 236, 248, 137 So. 2d 532, 536 (1962); *City of Meridian v. Davidson*, 211 Miss. 683, 693, 53 So. 2d 48, 52-53 (1951). The circuit court properly determined that, regarding the actions of the Commission, judicial interference would only be necessitated by a decision which was arbitrary and capricious and therefore, properly applied the standard of review.

III.

**WHETHER THE FIRE CHIEF CAN APPOINT ALL POSITIONS IN THE FIRE DEPARTMENT ABOVE THE RANK OF DISTRICT FIRE CHIEF WHEN THE STATUTE REQUIRES ALL APPOINTMENTS TO BE MADE ON MERIT BY OPEN, COMPETITIVE EXAMINATIONS**

¶**11.** The primary issue on Chandler's appeal is the construction of the following language, found in *Miss. Code Ann.* § 21-31-13 (1972):

> All appointments to and promotions in said departments shall be made solely on merit, efficiency, and fitness, which *may* be ascertained by open competitive examination and impartial investigation.

(emphasis added). Chandler contends that § 21-31-13 should be construed to mean that determinations of merit, efficiency, and fitness can only be made by open competitive examination and impartial investigation. For this case, it would mean that the Fire Chief would not be able to appoint certain personnel to serve "at his pleasure" and be a part of his managerial team.

¶12. "When called upon to apply statutes to specific factual situations, we apply the statutes literally according to their plain meaning." *Jones v. Mississippi Employment Sec. Comm'n*, 648 So.2d 1138, 1142 (Miss. 1995); *Brown v. Hartford Ins. Co.*, 606 So.2d 122, 124 (Miss. 1992). This Court attempts to give a statute "that reading which best fits the legislative language and is most consistent with the best statement of policies and principles justifying that language." *Jones*, 648 So.2d at 1142.

¶13. Popular words in statutes must be accepted in their popular sense and we must attempt to glean from the statutes the legislative intent. *Mississippi Power Co. v. Jones*, 369 So.2d 1381, 1388 (Miss. 1979); *Dennis v. Travelers Ins. Co.*, 234 So.2d 624, 626 (Miss. 1970); *Mississippi State Tax Comm'n v. Hinton*, 218 So.2d 740, 742 (Miss. 1969). Where the language used by the legislature in a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Marx v. Broom*, 632 So.2d 1315, 1318 (Miss. 1994); *City of Natchez v. Sullivan*, 612 So.2d 1087, 1089 (Miss. 1992); *Forman v. Carter*, 269 So.2d 865, 868 (Miss. 1972). When construing a statute, all possible repercussions and consequences of the construction should be considered. *Allred v. Webb*, 641 So.2d 1218, 1222 (Miss. 1994).

¶14. It should be noted that although the word "may" usually has permissive or discretionary implications, *Ivy v. Harrington*, 644 So.2d 1218, 1221 (Miss. 1994), this Court has on occasion varied from this rule. *See, e.g., Barnette v. State*, 481 So.2d 788 (Miss. 1985); *Leflore Bank and Trust Co. v. Leflore County*, 202 Miss. 552, 32 So.2d 744 (1948); *State ex rel. Attorney Gen. v. School Board of Quitman County*, 181 Miss. 818, 181 So. 313 (1938); *Fireman' s Fund Ins. Co. v. Cole*, 169 Miss. 634, 152 So. 872 (1934); *Town of Carrollton v. Town of North Carrollton*, 109 Miss. 494, 69 So. 179 (1915) (all construing the word "may" to have mandatory application). The only reason in this case to give the word "may" a mandatory connotation rather than a permissive one would be to effect the "evident intention of the legislature or the rights of the public or of private persons under the statute." *Jackson v. State*, 337 So.2d 1242, 1251 (Miss. 1976).

¶15. In *Fireman's Fund*, which is relied on by the appellants, this Court determined that "may" had a mandatory meaning because the legislature designated the counties in which the suits may be brought. *Fireman's Fund*, 169 Miss. at 641, 152 So. at 873. This, we stated, meant that "the statute thereby excluded other counties therefrom." *Id.* Contrastingly, in Corpus Juris Secundum, the text writer notes that, "As a *general* rule the word 'may,' when used in a statute, is permissive only, and operates to confer discretion, especially where the word 'shall' appears in close juxtaposition in other parts of the same statute." 82 *C.J.S. Statutes* § 380 (1953)(emphasis added). *See Scanlon v. City of Menasha*, 114 N.W.2d 791, 795 (Wis. 1962).

¶16. In the case *sub judice*, a review of the purpose of the legislature in enacting *Miss. Code Ann.* § 21-31-13 is helpful. When the Civil Service Act was originally passed in 1944, the Mississippi Legislature employed a headnote to explain the purpose of the act:

> An act to create a board of civil service commissions in all municipalities of the state, operating under a commission form of government, having a population of not less than fourteen thousand (14,000), according to the federal census of 1940, and having a full time fire and police department having paid members; *to provide a civil service system based upon examination and investigation as to merit, efficiency and fitness for appointment, employment and promotion of all officers and men appointed in said fire and police department* and respective cities, and other purposes.

Mississippi General Laws, 1944, ch. 208, Senate Bill No. 127, headnote. (emphasis added).

¶17. This language indicates that the Mississippi Legislature envisioned a system based upon examination and investigation. Appellees suggest that the use of the word "may" instead of "shall" was designed to give "the employer discretion as to whether or not they choose to use an open,

competitive examination and impartial investigation." The Civil Service statutes were enacted to afford state and municipal employees with reasonable job security by protecting them from political considerations and partisanship. *See* 15A ***Am. Jur. 2d Civil Service*** §1 (1976). Therefore, if the employer has discretion as to how to choose candidates for appointment, it would still have to be based on examination and investigation.

¶18. Appellees argue that because the Fire Chief will use the assessment center process to make appointments and promotions, the statutory requirements of merit, efficiency, and fitness would be met; in addition, the process would be an open competitive examination, thus satisfying the appellants. The record shows that Fire Chief Donovan would use the "assessment center type process plus their record of accomplishment" to choose appointees. The language of the adopted proposal states that the Commission and the Mayor of Jackson would have to approve any appointment made by the Fire Chief. Further, the Civil Service Rules for the City of Jackson comport with an ordinary meaning of the word "may" under § 21-31-13:

> In case of a vacancy in a position requiring peculiar and exceptional qualifications of a scientific, professional, or expert nature, and upon satisfactory evidence that the position can best be filled by the selection of some designated person of recognized attainments, the Civil Service Commission upon recommendation of the Department Head and the Commission's staff may ratify a non-competitive appointment as though made through the competitive class or may direct that an eligible list be formulated and the appointment made therefrom. Candidates recommended for appointment shall file an application for promotion or entrance with the Commission in regular forma and meet all requirements.

Rule VII , Section 3, 1.3, Civil Service Rules for the City of Jackson, Mississippi.

¶19. Combining the language of this rule with the provision adopted by the Commission, the Commission not only would have to approve any appointee named by the Fire Chief, but also the Commission would have the option of opening a non-competitive appointment up to include others eligible for appointment. Therefore, this process, as stated by Commissioner Henry Clay, provides criteria for qualifications which gives protection.

¶20. In addition, if the legislature had intended to make open competitive examination and impartial investigation the only means of ascertaining merit, it could have easily inserted the word "shall" into § 21-31-13, just as it did only ten words before.

¶21. Therefore, we find that the provision adopted by the City of Jackson Civil Service Commission does manifest the intent of the legislature. The Fire Chief's appointment of personnel above the District Fire Chief level is not unilateral, because his appointees must still be approved by the Civil Service Commission and the Mayor, thus keeping in spirit with § 21-31-13. Additionally, the protections mentioned above do guard the rights of the public and private persons in having competitive and impartial selection processes. Accordingly, we construe the word "may" in § 21-31-13 literally, giving a civil service commission the option to choose means to determine merit, efficiency, and fitness of appointees, so long as those methods require examination and investigation.

IV.

¶22. As to assignment of error I, the record does not indicate error on the part of the circuit court. The court employed the correct standard of review to determine that the Commission's decision was not arbitrary and capricious. As to assignment of error II, rules of statutory construction as applied to this case require that Miss. Code Ann. § 21-31-13 be read literally. We therefore affirm the finding of the circuit court, upholding the Commission's decision.

***¶23*. JUDGMENT AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND MILLS, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**