749 So.2d 189 (1999)
TOWER LOAN OF MISSISSIPPI, INC., Appellant,
v.
Jimmy JONES and Debra A. Jones, Appellees.
No. 1998-CA-01334-COA.
Court of Appeals of Mississippi.
July 20, 1999.
*190 John S. Simpson, Ridgeland, Attorney for Appellant.
Appellees pro se.
BEFORE KING, P.J., BRIDGES, DIAZ, AND LEE, JJ.
DIAZ, J., for the Court:
¶ 1. Tower Loan of Mississippi, Inc., appeals the decision of the Copiah County Circuit Court which awarded a lower than contractually agreed to finance rate on a default judgment taken against Jimmy and Debra Jones. Tower Loan raises a single assignment of error in its brief: whether a judgment founded on a contract must bear interest at the same rate as the contract evidencing the debt on which the judgment was rendered or whether the trial court may sua sponte enter a default judgment with an interest rate lower than the rate originally agreed upon. Finding error, we reverse.

FACTS
¶ 2. On February 23, 1998, Tower Loan filed a complaint for the collection of a delinquent promissory note against Debra A. Jones and Jimmy Jones in the Copiah County Circuit Court. Tower Loan's complaint was founded upon a promissory note executed by the Joneses in favor of Tower Loan on December 20, 1996.
¶ 3. On March 10, 1998, Jimmy was served with process in accordance with Mississippi Rule of Civil Procedure 4 by leaving a copy of the summons and complaint with Debra, his wife, who was personally served process that day. On March 24, 1998, a true and correct copy of the summons and complaint were mailed to Jimmy at his usual place of abode where the summons and copy of the complaint had been served. Neither of the Joneses elected to answer or otherwise defend the complaint.
*191 ¶ 4. On April 17, 1998, Tower Loan applied for a default judgment against Debra. On April 21, 1998, the entry of default was entered against Debra. On June 2, 1998, Tower Loan applied for a default judgment against Jimmy, and the entry of default was entered against him that same day. Thereafter, Tower Loan submitted a proposed default judgment to the circuit court along with its application of default judgment.
¶ 5. On June 26, 1998, the circuit court directed the parties to appear at a hearing regarding the proposed judgment. At the hearing, the circuit court judge questioned Tower Loan with regard to the appropriateness of the interest rate on the judgment.
¶ 6. On August 10, 1998, the circuit court entered a default judgment in this matter in the total amount of $3,201.77 plus interest "at the contract rate of 8% per annum and all costs of court," instead of the interest rate of 34.71% per annum as originally agreed upon. Feeling aggrieved, Tower Loan appeals this decision.

DISCUSSION
¶ 7. The Joneses filed no brief in this appeal. The failure of an appellee to respond to the issues of the appellant is often called a confession of the errors that are raised. Barber v. Barber, 608 So.2d 1338, 1340 (Miss.1992). However, in all cases, the appellate court is required to examine the record and determine whether it is clear that no error occurred. Therefore, we analyze the appellant's single assignment of error.

WHETHER A JUDGMENT FOUNDED ON A CONTRACT MUST BEAR INTEREST AT THE SAME RATE AS THE CONTRACT EVIDENCING THE DEBT ON WHICH THE JUDGMENT WAS RENDERED OR WHETHER THE TRIAL COURT MAY SUA SPONTE ENTER A DEFAULT JUDGMENT WITH AN INTEREST RATE LOWER THAN THE RATE ORIGINALLY AGREED UPON
¶ 8. Mississippi Code Annotated Section 75-17-7 (Rev.1991) provides as follows:
All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.
Where a statute is plain and unambiguous and conveys a clear and definite meaning, the court should not interpret the statutory language. Chandler v. City of Jackson Civil Service Comm'n, 687 So.2d 142, 144 (Miss.1997).
¶ 9. In the case sub judice, Tower Loan's complaint against the Joneses was founded upon a written contract. The contract provided for interest at the contract rate of 34.71% per annum. Furthermore, there was no finding of fact or allegation that this rate was not within the rates allowed by Mississippi law. In fact, the rate is below the maximum finance charges allowed by the Mississippi Small Loan Law. Miss.Code Ann. § 75-17-21 (Rev.1991).
¶ 10. Since Tower Loan's complaint was founded upon a contract, the circuit court erred in awarding interest on the judgment at the rate of 8% per annum rather than the contract rate of 34.71% per annum. Therefore, the interest awarded on the judgment should be 34.71% which is the rate agreed to in the contract.
¶ 11. The dissent argues that since Tower Loan did not raise the issue of the modified interest rate in the court below, it is procedurally barred on appeal. Generally, when an appellant fails to raise an issue or to assign it as error, this Court will not review the matter unless plain error occurred in the lower court proceedings. See Read v. Southern Pine Elec. *192 Power Ass'n, 515 So.2d 916, 921 (Miss. 1987). However, Supreme Court Rule 28(a)(3) states that this court may notice a plain error not identified or distinctly specified. This Court will ignore this requirement for preservation on appeal when a substantial right is affected. This Court retains the power to notice plain error. Miss.R.Evid. 103(d); Comment to Miss. R.Evid. 103. The plain error doctrine reflects a policy to administer the law fairly and justly. State Highway Comm'n of Mississippi v. Hyman, 592 So.2d 952, 956 (Miss.1991).
¶ 12. Here, it would be unfair and unjust not to find the lower court's sua sponte modification of the interest rate a plain error since the lower court ignored Mississippi law which states that a judgment founded upon a contract will have an interest rate at the same rate as the contract evidencing the debt upon which the judgment was rendered. Notably, Jimmy and Debra Jones do not contest this issue on appeal as they did not file a brief with this court. As discussed already, this inaction on the part of the Joneses is considered a confession of the errors. Nonetheless, the fact that the Tower Loan's counsel did not raise this issue below does not preclude this court from considering it on this appeal especially since Tower Loan's contractual rights would be substantially affected if we did not notice plain error. For these reasons, we have addressed the merits of the Tower Loan's appeal.
¶ 13. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEES.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, AND THOMAS, JJ., CONCUR.
IRVING, J., DISSENTS WITH SEPARATE OPINION, JOINED BY PAYNE, J.
MOORE, J., NOT PARTICIPATING.
IRVING, J., DISSENTING:
¶ 14. The majority accurately interprets and applies Miss.Code Ann. § 75-17-7 (Rev.1991) to the facts of this case. However, because the appellant did not raise, in the court below, the issue regarding the improper interest rate, I would affirm the judgment of the trial court.
¶ 15. The law is well settled in Mississippi that appellate courts will not put trial courts in error for issues not first presented to the trial court for resolution, and that issues not presented in the trial court cannot be first argued on appeal. Chassaniol v. Bank of Kilmichael, 626 So.2d 127, 133-34 (Miss.1993). See also Seaney v. Seaney, 218 So.2d 5 (Miss.1969), A.H. George And Co. v. Louisville & N.R. Co., 88 Miss. 306, 40 So. 486 (1906).
PAYNE, J., JOINS THIS SEPARATE WRITTEN OPINION.