912 So.2d 496 (2005)
Oletha MAHAFFEY, Appellant
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellee.
No. 2004-CC-00299-COA.
Court of Appeals of Mississippi.
October 11, 2005.
Oletha Mahaffey, Appellant, pro se.
Albert Bozeman White, Madison, attorney for appellee.
Before KING, C.J., MYERS, and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Oletha Mahaffey appeals the circuit court's decision to affirm the ruling of the Mississippi Employment Security Commission Board of Review which denied her unemployment compensation. Finding no error, we affirm.

STATEMENT OF FACTS
¶ 2. Oletha Mahaffey was employed by the Hinds County School District (Employer) as a teacher's assistant from August 4, 2002 until December 13, 2002. Mahaffey voluntarily terminated her employment with Employer in order to find *497 a job that paid more money so that she would be able to go to college. Mahaffey subsequently sought unemployment benefit through the Mississippi Employment Security Commission (MESC) on August 8, 2003. She was informed by letter, dated August 28, 2003, that she was not eligible for unemployment compensation because she had left work voluntarily without good cause.
¶ 3. On September 6, 2003, Mahaffey filed a notice of appeal with MESC, and a hearing was held by an appeals referee on September 25, 2003. At the hearing, Mahaffey testified in relevant part that, when she quit, she could have continued her employment with Employer, however, "[she had] no wish to stay." She further testified that she had not been employed since she voluntarily quit her job with Employer. The employer's representative who testified at the hearing stated that Mahaffey voluntarily left it's employment, and that she certainly could have continued working for Employer if she had wanted to.
¶ 4. Following the hearing, the referee determined that, pursuant to Mississippi Code Annotated § 71-5-513 A(1)(a) (Rev. 2000), Mahaffey was disqualified for benefits because she left work voluntarily without cause. The referee's opinion was based on his findings of fact that Mahaffey had not been under any threat of discharge, and that she had voluntarily quit her employment. Mahaffey was notified that she was disqualified from receiving unemployment compensation until she was reemployed and had earned eight times her weekly benefit amount or $856.
¶ 5. Mahaffey subsequently appealed the referee's decision to the MESC Board of Review. On November 6, 2003, the MESC Board of Review adopted the referee's decision. Mahaffey then appealed to the circuit court. On January 21, 2004, the circuit court issued an order affirming the decision of the Board of Review. Mahaffey was then granted permission by the Mississippi Supreme Court to proceed in forma pauperis, and she perfected this appeal pro se.

DISCUSSION
¶ 6. We note at the outset that Mahaffey failed to file a brief in support of this appeal. Where one party fails to file a brief and the other party's brief makes out an apparent case of error, the appellate court is not obligated to look to the record to find a way to avoid the force of that party's argument. Selman v. Selman, 722 So.2d 547, 551(¶ 13) (Miss.1998). However, while this Court had no obligation to consider Mahaffey's appeal, we chose to conduct a review to ensure that no injustice has been done. See Tower Loan of Mississippi, Inc. v. Jones, 749 So.2d 189, 191-92(¶ 11) (Miss.Ct.App.1999).
¶ 7. Before proceeding we turn to address the standard of review. Absent fraud, a reviewing court may only reverse the decision of the MESC Board of Review when its decision is not supported by substantial evidence. Hoerner Boxes, Inc. v. Mississippi Employment Sec. Comm'n, 693 So.2d 1343, 1346-47 (Miss.1997).
¶ 8. As previously discussed, Mississippi Code Annotated § 71-5-513 A(1)(a) provides that a person who voluntarily abandons his employment without good cause is disqualified from receiving unemployment compensation "until he has earned remuneration for personal services performed for an employer ... equal to not less than eight ... times his weekly benefit amount."
¶ 9. In this case, the record reflects that Mahaffey testified that she could have continued working for Employer, however, she had no wish to stay. She also testified *498 that she had not worked during the period between when she quit her job with Employer in December 2002 and when she testified before the MESC referee in late September 2003. Based on Mahaffey's own testimony, this Court concludes that she failed to show good cause why she quit her job, and that there is substantial evidence to support the decision of the MESC Board of Review. Additionally, this Court finds that the circuit court properly affirmed the MESC Board of Review's decision.
¶ 10. THE JUDGMENT OF THE SIMPSON COUNTY CIRCUIT COURT IS AFFIRMED.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.