MISSISSIPPI STATE BOARD OF HEALTH *v.* JOHNSON.

(In Banc. Oct. 9, 1944. Suggestion of Error Overruled Nov. 27, 1944.)

[19 So. (2d) 445. No. 35652.]

418

419

Greek L. Rice, Attorney General, by W. B. Fontaine, Assistant Attorney General, for appellant.

420

Jackson, Young & Phillips, of Jackson, for appellee.

422

**Jackson, Young & Phillips,** of Jackson, for appellee, on suggestion of error.

Argued orally by W. B. Fontaine, for appellant, and by Forrest B. Jackson, for appellee.

Roberds, J., delivered the opinion of the court.

Appellant Board, at a hearing before it on October 21, 1943, found that appellee Johnson had performed abortions not necessary to save the lives of pregnant women, and revoked his license to practice medicine in Mississippi. Johnson, by writ of certiorari, brought the matter for revew before the circuit judge of Hinds County, who reversed the order of the Board and remanded the case for further proceedings. From this judgment the Board appeals.

The appeal involves the questions (1) whether the proceedings before the Board were lawfully initiated and (2) whether the notice of the charges given appellee Johnson was legally sufficient in substance.

On the first question, it is the contention of Johnson that (a) the State Board of Health took no action itself prior to the hearing and that the notice to appellee was initiated solely by the Executive Officer thereof without authority of the Board, and (b) that no charge against appellee had been lodged with the Board, and that, therefore, the proceedings were unauthorized and illegal.

The notice to appellee was in the form of a registered letter and was signed "Felix J. Underwood, M. D." Secretary and Executive Officer," and had attached thereto the seal of the Mississippi State Board of Health, and notified him to appear before the State Board of Health at the time and place named therein for a hearing upon the charges therein set out. It purported to be sent by authority and direction of an order of the Executive Committee, acting for the State Board of Health, adopted at a called meeting October 6, 1943, at which only two

of the members of the Committee were present, the order reciting that certain complaints and grievances against appellee had been made known to the Committee.

The Mississippi State Board of Health consists of ten members, eight of whom must be regular qualified physicians of this state and members of the state medical association, to be appointed by the governor and confirmed by the senate, and selected from twenty-one physicians nominated to the governor by the medical association, and one shall be a dentist and member of the state dental association, who shall also be appointed by the governor from three nominated to him by the dental association. Section 7024, Code 1942. The tenth member is elected by the Board "who shall be known as the executive officer," who, by virtue of his election, is "a member of the state board of health and shall be the secretary of the board and committees appointed or created by the board," and who "shall be vested with all the authority of the board when it is not in session and subject to such rules and regulations as may be prescribed by" the board. Section 7026, Code 1942. Dr. Underwood was the duly elected and acting executive officer.

The board is also authorized to appoint an executive committee of three members, "and said executive committee shall have authority to execute all the powers herein vested in said board, in the interim of the meetings of said board; and any action of said executive committee shall be legal and binding until modified or annulled by said state board of health . . . Any two members of the executive committee shall be a quorum for the transaction of business." Section 7027, Code 1942.

By Section 8893, said Code, the Mississippi State Board of Health "may on its own initiative or on complaint suspend or revoke for any cause named below (including the charge involved herein) any license" of any physician to practice medicine in Mississippi.

. 'Thus it is seen that the Executive Committee can legally act through two of its members and that the foregoing action of that Committee and the issuance of said notice to appellee were the valid acts of the Mississippi State Board of Health itself, and that no complaint, formal or otherwise, to either the Board or the Committee is essential to the lawful initiation of such proceedings.

Considering now the second question, appellee says that the charges as made were vague, general, indefinite and inconsistent, and did not inform him of the nature and cause thereof so that he could prepare his defense thereto, and that, therefore, he was denied his constitutional right of due process of law. The notice describes the charges as "Procuring, or attempting to procure, or pretending to procure, an abortion that is not necessary to preserve the life of a pregnant woman." This is the language of the statute (Section 8893(a) (5), Code 1942) and the wording of the order of the Executive Committee authorizing and directing its issuance. Following receipt of this notice by Dr. Johnson his counsel wrote Dr. Underwood saying, "there is nothing in your letter to indicate when, where, on what occasion, or the persons involved, and I, therefore, submit to you in all fairness, do not amount to any charges that should require a defense by Dr. Johnson," and, "requesting that we be furnished with the cause or nature of the accusations." In reply counsel for the Board wrote counsel for appellee, giving him the names of ten women upon whom "unnecessary abortions" had been procured by appellee, with the approximate times when such acts were performed. Construing the original notice and this letter together, they charge, in the last analysis, that appellee, at different times approximately stated, had procured abortions on ten named pregnant women, which abortions were not necessary to preserve their lives. This eliminated the alternatives of attempting or pretending to procure, or aiding and abetting in procuring such abortions set out in

the original notice. Was this sufficient to give Dr. Johnson notice of the nature and cause of the offense?

Mississippi has no statute prescribing the form or substance of such notices. The statute does define the act (Section 8893(a) (5), Code 1942), and the original notice in this case is in the words of the statute, which itself is usually sufficient, even in criminal charges. However, the essentials of such notices, in the absence of statutes prescribing them, seem well settled. The Florida court stated the rule to be ''And in such proceedings it is sufficient if the accused is informed with reasonable certainty of the nature and cause of the accusation against him, has reasonable opportunity to defend against attempted proof of such charges, and the proceedings are conducted in a fair and impartial manner, free from any just suspicion or prejudice, unfairness, fraud, or oppression.'' State v. Whitman, 116 Fla. 196, 150 So. 136, 156 So. 705, 710, 95 A. L. R. 1416. See also 41 Am. Jur., p. 184, Sec. 60. It is further laid down by the last authority ''In the absence of statute requiring it, the strict rules of pleading in judicial cases do not apply to revocation proceedings before a board of medical examiners . . . '' It is recognized that the members of this Board are not learned in the law and legal procedure and more laxity is allowed in their pleadings and procedure than in strict law courts, provided no substantive rights of the accused are denied him.

The accusation in this case informed appellee of every element involved in the charge except it did not describe the means, or technique, used in producing the abortions, nor undertake to give a definition thereof. It was not necessary to set out the means. Lacking lawful justification for the act, it mattered not whether it was done by giving medicine or using instruments—it was abortion. And on this point it is pertinent to state that appellee did not request appellant to inform him of the means, although it is argued in appellee's brief. As to the failure to define abortion in the notice, it is said in 1 Am. Jur.,

p. 133, Sec. 2, "In criminal law the crime of abortion is the wilful bringing about of an abortion without justification or excuse." The only justification or excuse in this case would have been the necessity to save the lives of the women. The charge says that was not necessary. Stripped of all technical niceties, and looked at in a commonsense way, it would seem rather absurd to inform a doctor he had performed abortions not necessary to save the lives of the women, and at the same time assume he did not know what the word abortion meant, and that he needed to be given a definition thereof and the detailed manner of producing it.

It is further noted that counsel for the Board in his letter to counsel for appellee said ". . . I will furnish you with this information so far as I know or can ascertain." Presumably he did that. It frequently happens that even in criminal indictments needed information is lacking therein because it is not known to the grand jury, but the indictment is not thereby rendered invalid where the reason for the failure is set out. It is natural, too, in cases of this kind that pride and delicacy of feeling deter the victims from giving information of both the general fact and more especially the embarrassing details.

Again, after appellee received the additional information upon his request, he proceeded with the hearing and without objecting to the sufficiency of that given, or requesting further particulars, which, in civil actions, precludes such person from thereafter complaining of lack of knowledge of details.

It is not claimed that appellee did not have reasonable opportunity to defend the charges. The notice was given October 6th to appear before the full Board at the Old Capitol in the City of Jackson, October 21, requesting appellee to furnish the Secretary the names of any witnesses, papers, records and books he might desire, so that the Board might issue proper subpoenas therefor and have them present. Nor is it suggested that the proceedings were not conducted in a fair and impartial manner,

free from just suspicion of prejudice, fraud or oppression. In other words, appellee does not contend on this appeal that he did not have a fair trial.

While this court is zealous to guard individual rights and would caution these quasi judicial tribunals to be careful that such rights are fully protected in proceedings before them, yet it is clear in this case appellee was informed with reasonable certainty of the nature and cause of the accusations against him, had ample opportunity to defend against them, and had a fair and impartial hearing thereon.

It follows that the judgment of the circuit court should be, and it is, reversed, and the judgment of the Mississippi State Board of Health should be, and it is hereby, reinstated.

Reversed, and judgment of appellant reinstated.

ON SUGGESTION OF ERROR.

**Griffith, J.,** delivered the opinion of the court on suggestion of error.

We have carefully reviewed the argument now made upon the points presented on the original submission and have decided to make no modification in our opinion as delivered. Several new points have been presented and argued in the suggestion of error. As to these, we again call attention to the rule that new points made and presented for the first time on a suggestion of error are not considered unless exceptional reason therefor is shown, and we find none such here. Eady v. State, 152 Miss. 696, 122 So. 199; State v. Tann, 172 Miss. 167, 158 So. 777, 159 So. 539.

Suggestion of error overruled.