# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 98-CC-00033-COA

**JACKIE DEAN**                                                                 **APPELLANT**

**v.**

**PUBLIC EMPLOYEES' RETIREMENT SYSTEM**

**OF MISSISSIPPI**                                                              **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/01/1997 |
| TRIAL JUDGE: | HON. ROBERT LEWIS GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT Q. WHITWELL |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: MARY MARGARET BOWERS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | CIRCUIT COURT AFFIRMED THE RETIREMENT BOARD'S DENIAL OF DISABILITY BENEFITS |
| DISPOSITION: | REVERSED AND REMANDED - 04/20/99 |
| MOTION FOR REHEARING FILED: | 4/28/99 |
| CERTIORARI FILED: | granted 11/04/99 |
| MANDATE ISSUED: | |

BEFORE THOMAS, P.J., COLEMAN, AND DIAZ, JJ.

DIAZ, J., FOR THE COURT:

¶1. Jackie Dean appeals the judgment of the Hinds County Circuit Court affirming the denial of his disability benefits. Dean argues (1) that the order denying his benefits was not supported by substantial evidence, (2) that his disability meets statutory requirements, and (3) that he was denied benefits due to an unfair conflict of interest within the appeals process. Finding merit in Dean's third assignment of error, we address only that issue and reverse and remand this case to the Hinds County Circuit Court with instructions to remand to the Public Employees' Retirement System for proceedings consistent with this opinion.

# FACTS

¶2. Jackie Dean, a fifty-three year old male employed by the City of Iuka, was injured in October of 1994 while trying to lift a lawn mower during the course of his employment with the City's park maintenance department. He immediately suffered lower back pain and sought medical attention. Dr. Thomas Weems thereafter treated Dean and diagnosed him with an L4-5 herniated nucleus pulposus. Dean then underwent surgery, after which Dr. Weems gave Dean a 16% whole body disability rating. Dean then contacted Dr. James Varner, an orthopedic surgeon, for a second opinion. According to Dr. Varner, Dean suffered from a 15% permanent disability.

¶3. Unable to perform the duties required of him in park maintenance, Dean sought alternative employment with the city. However, Mayor David Nichols advised Dean that the City had no sedentary-type work to offer him. Dean then applied for several other positions but was unable to find employment within his medical restrictions.

¶4. Dean filed for duty-related benefits on July 22, 1995, and on September 18, 1995, his claim was presented to the Public Employees' Retirement System ("PERS") Medical Review Board. The Board thereafter denied Dean's claim pending an evaluation by Dr. Rahul Vohra. Mr. Dean was evaluated by Dr. Vohra in January of 1996 and was subsequently denied benefits by Medical Board Review members-Dr. Vohra and Dr. Michael Winkelmann. In addition, Drs. Vohra and Winkelmann sat on the Disability Appeals Committee to hear and vote on the Dean decision. After the Committee hearing, Dean was denied disability benefits. The PERS Board of Trustees adopted the Committee's recommendation, and Dean thereafter appealed the Board's order to the Hinds County Circuit Court. On December 1, 1997, the circuit court rendered its opinion affirming the decision of the PERS Board of Trustees. It is from this order that Dean now brings forth his appeal to this Court.

# DISCUSSION

## DID AN UNFAIR CONFLICT OF INTEREST DEPRIVE DEAN OF DISABILITY BENEFITS?

¶5. When reviewing the decision of an administrative agency, this Court is limited in that we may only reverse upon a showing that the agency's decision was (1) unsupported by substantial evidence, (2) arbitrary and capricious, (3) beyond the agency's powers, or (4) violated some statutory or constitutional right of the complaining party. *Brinston v. Public Employees' Retirement Sys.*, 706 So. 2d 258 (¶6) (Miss. Ct. App. 1998). "[T]here is a rebuttable presumption in favor of the action of an administrative agency and the burden of proof is upon one challenging its action." *Ricks v. Mississippi State Dep't of Health*, 719 So. 2d 173 (¶11) (Miss. 1998). Both the United States and Mississippi Constitutions guarantee the right to due process of law before an administrative agency. U.S. Const. amend. XIV; Miss. Const. art. 3, § 14. Administrative proceedings must be "conducted in a fair and impartial manner, free from any just suspicion or prejudice, unfairness, fraud, or oppression." *Mississippi State Bd. of Health v. Johnson*, 197 Miss. 417, 427, 19 So. 2d 445, 447 (1944).

¶6. After a careful review of the record, it appears that Mr. Dean has met his burden of proving that his constitutional guarantees of due process have been violated by virtue of Drs. Vohra and Winkelmann sitting in judgment of their own conclusions that Mr. Dean was not entitled to disability benefits. The conflict of interest at issue in this case casts serious doubts on the integrity of the process by which PERS reviews its

disability claims. By evaluating Mr. Dean and then sitting on the Medical Review Board as well as on the Disability Appeals Committee, Drs. Vohra and Winkelmann were essentially reviewing their own disability benefit decisions. As such, we are of the opinion that Dean may have been prejudiced by the denial of his claim for duty-related benefits. Accordingly, we reverse and remand this case to the Hinds County Circuit Court with instructions to remand to PERS for a neutral and unbiased review of Mr. Dean's disability claim.

¶7. **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**KING, P.J., BRIDGES, COLEMAN, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.**

**SOUTHWICK, P.J., CONCURRING IN PART AND DISSENTING IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY MCMILLIN, C.J.**

SOUTHWICK, P.J., CONCURRING IN PART AND DISSENTING IN PART

¶8. With respect for the views of the majority and the significance of the issue that is raised, I am constrained to dissent to one part of the decision. I find that administrative procedures require neutral decision-making but do not require that agencies follow the model of court procedures. Within the discretion granted agencies, the procedures established by the Public Employees' Retirement System are valid for initial review of an applicant's disability request. I concur in the finding that the next level of review was improper.

¶9. It is first important to understand what each stage of the proceedings here concerned. It is from that perspective that we can best determine what procedural safeguards are required.

¶10. Dean applied with PERS for disability retirement. Benefits cannot be awarded after such an application until the Board of Trustees for PERS has accepted a disability medical determination either from its own medical board or from the Social Security Administration. Miss. Code Ann. § 25-11-113 (1)(a) (Supp. 1998).

¶11. This medical board, which is composed of three physicians, is authorized by statute to make disability determinations. Miss. Code Ann. § 25-11-103(p) & 25-11-119 (7) (Supp. 1998). The medical board "shall arrange for, and pass upon, all medical examinations" required for the disability determination and then report its results to the PERS Board of Trustees. Miss. Code Ann. § 25-11-119 (7). A member of the medical board, Dr. Vohra, conducted the medical examination. That is one of the objections raised by the majority.

¶12. If an applicant for disability benefits is dissatisfied with the medical board's determination, he may request a hearing. Though the statute refers to a hearing officer, it also provides that the PERS Board of Trustees may instead authorize a committee composed of some of the Board's own members to serve as the "hearing officer." Miss. Code Ann. § 25-11-120 (1) & (3). Two members of the medical board sat on the committee, which is the next argument of a conflict of interest. After the hearing, the results are certified to the Board of Trustees with a proposed statement of facts and recommendation. The Board of Trustees makes its decision based solely on the record. Miss. Code Ann. § 25-11-120 (2).

¶13. First, general administrative law principles do not require that all fact-finding and all adjudication be kept entirely separate. An investigator can at times become the prosecutor and then the adjudicator, so long as that is not the final available level of agency action. II Kenneth Culp Davis & Richard J. Pierce, Jr., Administrative Law Treatise § 9.8 (1994) at 81, relying upon *Goss v. Lopez,* 419 U.S. 565 (1975). When the statute creates a board of physicians to review disability claims, I find no due process error in allowing one of those physicians to conduct a physical examination and then report to fellow board members on the findings. At this stage of the administrative process, that is the benefit of having the board be composed of physicians. Consistent with *Goss*, an adjudicator can be an evidence gatherer as well. Thus I disagree with Dean and with the majority that any defect existed in Dr. Vohra's both examining Dean and then voting with his two colleagues that Dean was not disabled.

¶14. Dean also attacks Dr. Vohra's conclusions as being based on an inadequate examination and against the weight of the evidence, which are different issues that are outside my dissent.

¶15. The dissatisfied applicant for benefits may seek review of the medical board's conclusions that disability does not exist. The statute provides that the "board is authorized to appoint a committee of the board to serve as hearing officer . . . " for the appeal. Miss. Code Ann. § 25-11-120 (3). Though this section of the Code also refers to the "medical board," whenever the word "board" is used by itself, that refers to the governing body for PERS, the Board of Trustees. Miss. Code Ann. § 25-11-103 (h). Thus unless Dr. Vohra or other members of the medical board are also members of the Board of Trustees, they by statute are not eligible to be on a committee that reviews the disability decisions of the medical board.

¶16. The record reflects that the appeals committee consisted of a hearing officer, Steve Lawrence, and Michael Winkelmann, Rahul Vohra, Richard C. Miller, and Virgil F. Belue. Though nothing in the record indicates the membership of the Board of Trustees, a review of one published source indicates that Belue and Miller were members and the other three were not. Mississippi Official and Statistical Register 1996-2000 at 285 (1997). Perhaps on the date of the 1996 hearing the membership was slightly different, but I assume that some of the committee members were not Board of Trustees members.

¶17. I find that the appeals committee cannot by statute be composed of members of the medical board, but must consist only of members of the Board of Trustees. Conversely, if only one person is designated to hear the evidence, that is to be a hearing officer. Either one or the other, but not a blend, must then make the findings that are certified to the full Board of Trustees. The absence of a neutral decision-maker arises from the fact that medical board members sat on the review of the medical board determination, when by statute they may not do that.

¶18. Therefore I agree that we should reverse, but the problem in my view is that PERS is not properly interpreting the statute on the formation of the appeals committee. I dissent to any holding that a physician-member of the medical board cannot also conduct an examination of an applicant.

**McMILLIN, C.J. JOINS THIS SEPARATE OPINION.**