748 So.2d 178 (1999)
Patricia FLOWERS, Appellant
v.
PUBLIC EMPLOYEES RETIREMENT SYSTEM OF MISSISSIPPI, Appellee.
No. 98-CC-00035-COA.
Court of Appeals of Mississippi.
June 29, 1999.
*179 George S. Luter, Jackson, Attorney for Appellant.
Office of the Attorney General by Mary Margaret Bowers, Attorneys for Appellee.
BEFORE McMILLIN, P.J., DIAZ, AND KING, JJ.

MODIFIED OPINION ON MOTION FOR REHEARING
DIAZ, J., for the Court:
¶ 1. The original opinion is withdrawn and the following is substituted. The motion for rehearing is denied.
¶ 2. Patricia Flowers appeals the judgment of the Hinds County Circuit Court affirming the denial of her disability benefits. Flowers argues that (1) the decision of the Public Employees' Retirement System (PERS) was arbitrary, capricious, and not supported by substantial evidence and (2) that she was denied benefits due to an unfair conflict of interest within the appeals process. Finding merit in Flowers's second assignment of error, we address only that issue and reverse and remand this case to the Hinds County Circuit Court with instructions to remand to PERS for proceedings consistent with this opinion.

FACTS
¶ 3. Patricia Flowers's employment with Hinds Community College was terminated on May 20, 1994, after serving as an employee of the college for a period of 10½ years. Flowers maintains that her termination was due to her physical inability to meet the responsibilities of her position; however, PERS claims that whether Ms. Flowers was terminated for health reasons or was simply fired for poor job performance is questionable at best.
¶ 4. On May 25, 1994, Flowers filed for duty-related benefits, and her application was thereafter presented to the PERS Medical Review Board, which was composed of Dr. Rahul Vohra and Dr. Michael Winkelmann. The Board denied Flowers's 1994 claim on two occasions. In October 1994, following a second review of her application and additional documentation, Ms. Flowers was advised of the decision to deny duty-related disability benefits. In October 1994, Ms. Flowers was advised of her right to appeal the denial of her claim within a sixty day time period. Although *180 Ms. Flowers was given notice of her right to appeal, she chose not to appeal the decision to deny her 1994 application. If timely prosecuted, an appeal in 1994 was available before the Disability Appeals Committee, which at that time consisted of five individuals-two of whom were Drs. Vohra and Winkelmann. Having failed to exhaust her administrative remedies, Ms. Flowers waived her right to appeal the 1994 decision in Court. Ms. Flowers did not appeal the Medical Board's decision to deny her 1994 application for duty-related disability benefits.
¶ 5. In 1996, Ms. Flowers submitted a second application for duty-related disability benefits. This application was received by PERS on January 8, 1996. Following the practice of the time, a second application was allowed. However, Ms. Flowers was informed that the entire process began anew upon submission of the second application. The initial review of the documentation in support of her 1996 claim was by the Medical Board. The Medical Board denied Ms. Flowers' request for disability benefits. At that time, if an appeal was timely filed, review was available before the Disability Appeals Committee, which was comprised of two Medical Board Members, Drs. Vohra and Winkelmann, two members of the Board of Trustees, and an attorney from the Attorney General's office. This time, Ms. Flowers timely appealed the Medical Board's decision to the Disability Appeals Committee.
¶ 6. The PERS Board of Trustees adopted the Committee's recommendation, and Flowers thereafter appealed the Board's order to the Hinds County Circuit Court. Thus, it is the denial of benefits under the 1996 application for benefits which is the subject of this appeal. Therefore, any award of duty-related disability benefits due to Ms. Flowers would be payable from the first month following receipt of the application. On December 2, 1997, the circuit court rendered its opinion affirming the decision of the PERS Board of Trustees. It is from this order that Flowers now brings forth her appeal to this Court.

DISCUSSION

DID AN UNFAIR CONFLICT OF INTEREST DEPRIVE FLOWERS OF DISABILITY BENEFITS?
¶ 7. When reviewing the decision of an administrative agency, this Court is limited in that we may only reverse upon a showing that the agency's decision was (1) unsupported by substantial evidence, (2) arbitrary and capricious, (3) beyond the agency's powers, or (4) violated some statutory or constitutional right of the complaining party. Brinston v. Public Employees' Retirement Sys., 706 So.2d 258(¶ 6) (Miss.Ct.App.1998). "[T]here is a rebuttable presumption in favor of the action of an administrative agency and the burden of proof is upon one challenging its action." Ricks v. Mississippi State Dep't of Health, 719 So.2d 173(¶ 11) (Miss.1998). Both the United States and Mississippi Constitutions guarantee the right to due process of law before an administrative agency. U.S. Const. amend. XIV; Miss. Const. art. 3, § 14. Administrative proceedings must be "conducted in a fair and impartial manner, free from any just suspicion or prejudice, unfairness, fraud, or oppression." Mississippi State Bd. of Health v. Johnson, 197 Miss. 417, 427, 19 So.2d 445, 447 (1944).
¶ 8. After a careful review of the record, it appears that Ms. Flowers has met her burden of proving that her constitutional guarantees of due process have been violated by virtue of Drs. Vohra and Winkelmann sitting in judgment of their own conclusions that Ms. Flowers was not entitled to disability benefits. The conflict of interest at issue in this case casts serious doubts on the integrity of the process by which PERS reviews its disability claims. By evaluating Ms. Flowers and then sitting on the Medical Review Board as well as on the Disability Appeals Committee, Drs. Vohra and Winkelmann were essentially reviewing their own disability *181 benefit decisions. As such, we are of the opinion that Flowers may have been prejudiced by the denial of her 1996 claim for duty-related benefits. Accordingly, we reverse and remand this case to the Hinds County Circuit Court with instructions to remand to PERS for a neutral and unbiased review of Ms. Flowers's disability claim.
¶ 9. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, P.J., BRIDGES, COLEMAN, IRVING, LEE, PAYNE, AND THOMAS, JJ., Concur.
SOUTHWICK, P.J., concurs in part and dissents in part with separate written opinion, joined by McMILLIN, C.J.
SOUTHWICK, P.J., concurring in part and dissenting in part.
¶ 10. The basis for my disagreement with the majority was explained in my separate opinion in Dean v. Public Employees' Retirement System, 98-CC-00033-COA, ___ So.2d ___, 1999 WL 228174 (Miss.Ct.App.1999). In summary, I find no defect in the PERS procedure that permits one of the three physicians who are the sole members of the medical review board to conduct a physical examination of an applicant. However, I agree that members of the medical review board cannot later sit as members of an appellate review tribunal regarding their own decision.
¶ 11. Therefore I agree that we should reverse, but without invalidating the first level review procedures being following by PERS.
McMILLIN, C.J., joins this separate opinion.