834 So.2d 50 (2002)
PUBLIC EMPLOYEES' RETIREMENT SYSTEM, Appellant,
v.
Patricia ALLEN, Appellee.
No. 2001-SA-00275-COA.
Court of Appeals of Mississippi.
July 23, 2002.
Rehearing Denied October 22, 2002.
Certiorari Denied January 2, 2003.
*51 Mary Margaret Bowers, Jackson, attorney for appellant.
Willie T. Abston, Jackson, attorney for appellee.
Before KING, P.J., BRIDGES, and CHANDLER, JJ.
BRIDGES, J., for the court.

PROCEDURAL HISTORY
¶ 1. The Public Employees' Retirement System of Mississippi (PERS) appeals a ruling of the Circuit Court of Hinds County *52 which overturned an administrative decision denying disability benefits to Ms. Patricia Allen, a Jackson Public School System employee. Allen applied to the PERS Medical Review Board for disability benefits based on panic disorders and depression. Her application was initially denied due to the Board's determination that she was not permanently disabled. Allen then appealed to the PERS Board of Trustees Disability Appeals Committee which affirmed the denial of the Medical Review Board for benefits based on insufficient medical evidence.
¶ 2. Allen appealed the Committee's ruling to the Circuit Court of Hinds County which reversed the decision of the Committee, finding that the Committee arbitrarily and capriciously ignored substantial evidence in support of disability. We affirm the circuit court's judgment.

STATEMENT OF THE FACTS
¶ 3. Patricia Allen began teaching with the Jackson Public School System in 1973, giving her seventeen and three-quarter years in the retirement system. Allen bases her disability on several illnesses including atypical colitis, bursitis, depression, panic disorder and carpal tunnel syndrome. She has supporting documentation from her doctors: Dr. Greg Terral, Dr. David M. Sullivan, Dr. Charles Coleman and Dr. F.J. Eicke. The Social Security Administration has found that Allen is disabled and has awarded her benefits.
¶ 4. The treating physicians of a public employee with regard to an alleged disability must submit valid documentation attached to the employee's petition for disability benefits. The specific document, "Form 7," is a statement of the physician listing the ailments associated with the employee and the level of disability that has resulted therefrom. As stated, Allen consulted four different doctors concerning her different ailments. Dr. Terral, an orthopedic surgeon, treated Allen for carpal tunnel syndrome. He indicated a good prognosis for Allen and released her from his care. He stated that her disability was not permanent. Dr. Sullivan, who specializes in internal medicine, treats Allen for a variety of illnesses, including severe depression and panic disorder. On the Form 7, he did not state specifically whether or not her disabilities are permanent, but in a letter dated September 27, 1996, stated that Allen "is currently applying for disability and will be unable to return to her job." Dr. Sullivan referred Allen to Dr. Coleman for additional treatment. Dr. Coleman, a psychiatrist, is the treating physician for Allen's mental disorders including panic disorder with agoraphobia and major depression. He classified Allen as permanently disabled. Dr. Coleman referred Ms. Allen to Dr. Eicke, a licensed psychologist, for further evaluation and he found that Allen "would have difficulty returning to her prior work because of the demands, and even to performing very routine repetitive tasks."
¶ 5. Ms. Allen testified that her various illnesses cause her to take either seventeen or eighteen pills a day. She testified that her "nervousness" lasts all day, causing her pain and discomfort. She stated that she enjoys teaching but that teaching in an inner city public school was like teaching in a "war-zone." This unpleasant environment caused her to be upset and to experience panic attacks. She stated she was afraid for her students to see her in an "emotional fit."

LEGAL ANALYSIS
¶ 6. Patricia Allen started her quest for benefits with the PERS Medical Review Board. The Board reviewed her petition and supporting documentation and made a decision to deny benefits. The Board's *53 summary sheet is signed by Drs. Rahul Vohra and Michael Winkelmann.
¶ 7. She then appealed to the Committee who conducted a de novo review of the record. The Committee had a hearing on April 28, 1997. Members of the Committee heard testimony about Allen's PERS membership file, medical file, staff summary and Medical Review Board's summary. Additionally, Allen testified and spoke of why she should be granted benefits. This Committee affirmed the denial of benefits. Dr. Winkelmann was also a member of the Committee.
¶ 8. Allen filed her notice of appeal with the Hinds County Circuit Court on September 25, 1997. Rule 5.06 of the Uniform Rules of Circuit and County Court Practice provides that "[b]riefs filed in an appeal on the record must conform to the practice in the Supreme Court.... The failure to timely file a brief will be the same as in the Supreme Court." URCCC 5.06. Rule 31(b) of the Mississippi Rules of Appellate Procedure provides that "the appellant shall serve and file the appellant's brief within 40 days after the date on which the record is filed." M.R.A.P. 31(b). On March 13,1998, PERS filed a motion to dismiss for failure to prosecute the case by neglecting to file a brief in the Hinds County Circuit Court. Allen filed her brief with the court on October 21, 1998, some ten months late. On October 23, 1998, Circuit Judge Graves considered a motion to dismiss by PERS and also considered an ore tenus motion by PERS to strike the brief submitted on behalf of Allen. Judge Graves found that dismissal of Allen's appeal would be a "draconian sanction" but did however find that the brief, submitted two days prior to the hearing and without leave of court to file an out of time brief, should be stricken from the record.
¶ 9. Judge Graves issued his opinion and order on January 12, 2001, reversing the two previous denials of benefits. He found that the decision of PERS was arbitrary and capricious and that there was sufficient and substantial medical evidence to support an award of benefits. He found that three of Allen's treating physicians found her to be disabled.
¶ 10. Judicial review of an administrative agency's findings and decisions is limited. An agency's conclusions must remain undisturbed unless the agency's order: (1) is not supported by substantial evidence; (2) is arbitrary and capricious; (3) is beyond the scope or power granted to the agency; or (4) violates one's constitutional rights. URCCC 5.03; PERS v. Marquez, 774 So.2d 421, 425 (¶ 11) (Miss.2000); Byrd v. PERS, 774 So.2d 434, 437(¶ 11) (Miss.2000). In reviewing the decision of a circuit court concerning an agency action, this Court applies the same standard of review that court is bound to follow. Marquez, 774 So.2d at 429 (¶ 32); Mississippi Comm'n of Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss. 1993). Neither this Court nor the circuit court may substitute its own judgment for that of the agency which rendered the decision nor reweigh the facts of the case. See Marquez, 774 So.2d at 425(¶ 11); Byrd, 774 So.2d at 437(¶ 11). Therefore, unless the agency's order was not supported by substantial evidence, or was arbitrary or capricious, the reviewing court should not disturb its conclusions. "If an administrative agency's decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious." Marquez, 774 So.2d at 430(¶35). Substantial evidence has been defined as "something more than a `mere scintilla' or suspicion." Id. at 425 (¶ 13). It has also "been defined as `such relevant *54 evidence as reasonable minds might accept as adequate to support a conclusion.'" Id.
¶ 11. After reviewing the Medical Board and Committee's decisions and the medical records, we cannot conclude that there is substantial evidence to support the decision to deny disability benefits and the findings to the contrary are more than conclusory. "If an agency does not disclose the reason upon which its decision is based, the courts will be usurped of their power to review over questions of law." McGowan v. Miss. State Oil & Gas Bd., 604 So.2d 312, 324 (Miss.1992). "It is a logical and legal prerequisite to intelligent judicial review in these cases that the Board favor us with more than mere conclusory findings." Id.
¶ 12. In this case, we must agree with the circuit court judge that the decision of the agency was arbitrary and capricious. The doctors treating Allen for the medical problem for which she sought disability agreed that she was disabled. Dr. Charles Coleman, her primary treating physician, stated that Allen was disabled and this conclusion was not contradicted by any other doctor. While the agency is not bound by the determination of the Social Security Administration that a person is disabled, Marquez, 774 So.2d at 430(¶ 37), this is further evidence in support of the claim of disability. We find nothing in either determination from PERS that would support the agency's conclusion.
¶ 13. Having said that, this Court cannot ignore further error in the handling of the disability claim by this state agency. Allowing Dr. Winkelmann, an original member of the Medical Review Board who denied Allen's claim, to sit on her appeal of the Board's denial is blatant reversible error. See Public Employees' Retirement Sys. v. Dishmon, 797 So.2d 888, 890(¶ 2) (Miss.2002) (a factually similar case reversed for the same Dr. Winkelmann's sitting on both the Board and Commission); Dean v. Public Employees' Retirement Sys., 797 So.2d 830, 836(¶ 26) (Miss.2000); Byrd v. Public Employees' Retirement Sys., 774 So.2d 434, 440-41 (¶ 30-33) (Miss. 2000); Flowers v. Public Employees Retirement Sys., 748 So.2d 178, 180(¶ 8) (Miss.Ct.App.1999). As the Mississippi Supreme Court stated in Dishmon, following this Court's prior rulings, the employee's due process rights are violated when "one of the physicians sitting on the Disability Appeals Committee also [sits] on the Medical Review Board." Dishmon, 797 So.2d at 896(¶ 34). As such, this Court would have had to reverse and remand this case for this plain error, but for the judgment of the circuit court reversing the commission's decision to deny.
¶ 14. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. COSTS ARE ASSESSED AGAINST THE APPELLANT.
McMILLIN, C.J., AND KING, P.J., THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. SOUTHWICK, P.J., AND BRANTLEY, J., NOT PARTICIPATING.