# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-02029-COA

LAURON SMITH A/K/A LAURON EDWARD SMITH A/K/A LAURON E. SMITH                                        APPELLANT

v.

TARA WESLEY AND CHRISTOPHER B. EPPS                                        APPELLEES

DATE OF JUDGMENT:                    11/04/2013
TRIAL JUDGE:                         HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:           RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:              LAURON SMITH (PRO SE)
ATTORNEYS FOR APPELLEES:             OFFICE OF THE ATTORNEY GENERAL
                                     BY: ANTHONY LOUIS SCHMIDT JR.
                                         JAMES M. NORRIS
NATURE OF THE CASE:                  CIVIL - STATE BOARDS AND AGENCIES
TRIAL COURT DISPOSITION:             AFFIRMED AGENCY'S DECISION AND
                                     DISMISSED COMPLAINT
DISPOSITION:                         AFFIRMED - 02/03/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., BARNES AND ISHEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Lauron Smith is an inmate in the custody of the Mississippi Department of Corrections (MDOC). Smith was convicted in 2012 for vehicle theft in Harrison County, Mississippi, and sentenced to six years of imprisonment. On June 20, 2013, Smith was issued a rules violation report (RVR) (No. 01326449) for walking out of a building without

permission and refusing to obey staff's orders.[1] The MDOC hearing officer, Tara Wesley, found Smith guilty of the violation on June 26, 2013. His punishment was a thirty-day loss of privileges. According to the RVR issued, Smith refused to attend the hearing.[2]

¶2. Smith filed an appeal on July 25, 2013, through the MDOC's Administrative Remedy Program (ARP), *see* Miss. Code Ann. § 47-5-803 (Rev. 2011), claiming he never received notice of the RVR hearing. Four days later, the MDOC returned Smith's ARP complaint because he had failed to attach a copy of the required RVR to the form.

¶3. On August 20, 2013, Smith filed a complaint with the Rankin Count Circuit Court, seeking review of the MDOC's administrative decision. The MDOC responded, arguing that Smith's complaint should be dismissed, as he failed to exhaust his administrative remedies as required by Mississippi Code Annotated section 47-5-803(2).

¶4. On November 4, 2013, the circuit court affirmed the MDOC's decision and entered a judgment of dismissal. Smith now appeals the circuit court's judgment, and finding no error, we affirm.

**STANDARD OF REVIEW**

¶5. "We will not disturb the decision of an administrative agency, such as the MDOC,

---

[1] Smith walked into the walkway, contrary to staff's orders, in an attempt to proceed to the central control office, where he wanted to file a request for an investigation into his claim that the MDOC's medical clinic was trying to kill him by giving him hepatitis.

[2] We note that Smith had been issued a previous RVR (No. 1325835) on June 8, 2013, which was also for being in an unauthorized area and failing to obey staff orders (he went to dining hall, although staff told him to go to the clinic). Smith refused to sign the report. The RVR states that Smith attended that RVR hearing and denied any wrongdoing. He was found not guilty based on the evidence and was issued a warning.

unless the decision is 'unsupported by substantial evidence, arbitrary or capricious, beyond the agency's scope or powers, or violative of the constitutional or statutory rights of the aggrieved party.'" *Taylor v. Petrie,* 41 So. 3d 724, 727 (¶8) (Miss. Ct. App. 2010) (quoting *Edwards v. Booker*, 796 So. 2d 991, 994 (¶10) (Miss. 2001)).

## DISCUSSION

¶6. Smith claims he was not afforded a hearing for the RVR in question, but the RVR states that Smith "refused to come out" to attend the hearing. As the State notes, Smith has not presented any evidence to refute the MDOC's findings that he walked out of a building without permission. Smith just summarily claims he was denied an investigation and hearing.

¶7. The State further contends that Smith failed to exhaust his administrative remedies, and the record supports the State's claim. In the record, there is only a first-step-response letter by the MDOC that Smith failed to attach a copy of his RVR (No. 01326449). Section 47-5-803(2) provides:

> No state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure. If at the time the petition is filed the administrative review process has not yet been completed, the court shall stay the proceedings for a period not to exceed ninety (90) days to allow for completion of the procedure and exhaustion of the remedies thereunder.

¶8. However, rather than dismissing Smith's complaint for the failure to complete the ARP process, the circuit court's dismissal concluded that the MDOC's decision "was supported by substantial evidence, was not arbitrary or capricious, was within the scope and

3

powers of the MDOC and did not violate the constitutional rights of the petitioner." This Court has held that "[t]here is a rebuttable presumption which favors the agency's decision and the challenging party has the burden of proving the contrary." *Ross v. Epps*, 922 So. 2d 847, 849 (¶4) (Miss. Ct. App. 2006) (citation omitted). Deference is afforded "to the fact[-]finding role of the administrative agency and the hearing officer's findings." *Johnson v. Miss. Dep't of Corr.*, 682 So. 2d 367, 370 (Miss. 1996).

¶9.     We find that Smith has failed to prove that the MDOC's decision was not supported by substantial evidence, arbitrary or capricious, beyond the agency's scope or powers, or violative of his constitutional or statutory rights. Although Smith argues his due-process rights were violated, this Court has held that not all administrative disciplinary actions are subject to a due-process analysis. Smith's punishment was a thirty-day loss of privileges, which is not generally considered to be a constitutionally protected liberty interest. *See Mixon v. Enlers*, 90 So. 3d 635, 637 (¶6) (Miss. Ct. App. 2012) (holding that a prisoner's loss of privileges for thirty days was "not a property right that would constitute a violation of his constitutionally protected liberty interest").

¶10.    Accordingly, we affirm the circuit court's judgment of dismissal.

¶11.    **THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**