# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01331-COA

**STATE OF MISSISSIPPI**                                              **APPELLANT**

**v.**

**ROY STAFFORD A/K/A ROY "BUD"**                        **APPELLEE**
**STAFFORD**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2016 |
| TRIAL JUDGE: | HON. CAROL L. WHITE-RICHARD |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ANTHONY L. SCHMIDT JR. |
| ATTORNEY FOR APPELLEE: | ROY STAFFORD (PRO SE) |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED: 02/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1. The Mississippi Department of Corrections (MDOC) appeals the judgment of the circuit court, which found that the MDOC violated an inmate's due-process rights when it failed to give timely notice of a disciplinary hearing. Upon review, we find the MDOC's actions were not arbitrary or capricious and did not violate the inmate's constitutional or statutory due-process rights. We therefore reverse and render.

FACTS AND PROCEDURAL HISTORY

¶2. Roy Stafford is an inmate in the custody of the MDOC. In 1988, Stafford was convicted of murder and aggravated assault and sentenced to life and ten years, respectively. He is currently housed at Parchman.

¶3.	On September 23, 2015, rule violation report (RVR) No. 01293491 was issued against Stafford. The RVR alleged that Stafford made a threatening statement to another inmate.[1] On September 28, 2015, Stafford received notice that a disciplinary hearing would be held September 29, 2015. However, due to "case overload," Stafford's disciplinary hearing was not held until November 21, 2015. No further notice of the hearing was provided to Stafford.

¶4.	At the disciplinary hearing, Stafford admitted the allegation and rule violation and was found guilty by the hearing officer. Stafford received a thirty-day loss of visitation, phone, and canteen privileges.

¶5.	Stafford appealed the hearing officer's decision through the MDOC's administrative-remedy program. Stafford claimed a violation of due process as a result of the MDOC's failure to provide him at least twenty-four hours' notice of the November disciplinary hearing. The MDOC found Stafford received proper notice and denied his appeal.

¶6.	Stafford subsequently filed a petition for judicial review in the Circuit Court of Sunflower County pursuant to Mississippi Code Annotated section 47-5-807 (Rev. 2015). In his petition, Stafford claimed the MDOC violated its disciplinary procedures by failing to provide him timely notice of the hearing, and thereby denied him due process. Stafford asked the circuit court to: (1) order the MDOC to expunge the RVR from his record, (2) issue a declaratory judgment finding certain MDOC officials individually liable because they acted outside of their job descriptions, (3) order the MDOC to pay all filing fees and court costs, and (4) order the MDOC not to retaliate against him.

---

[1] Specifically, the RVR alleged Stafford stated, "I will stab you[,] clown."

¶7. By order entered July 29, 2016, the circuit court found Stafford's requests for a declaratory judgment and payment of court costs and fees were meritless and noted that prison officials by law cannot retaliate against or harass prisoners for exercising their constitutional rights.

¶8. With regard to Stafford's due-process claim, the circuit court found:

> that MDOC violated Petitioner Stafford's statutory due[-]process rights by failing to adhere to its policies and procedures when it held the disciplinary hearing approximately two (2) months after it was scheduled without giving [Stafford] [twenty-four] hours['] notice of [the] hearing. As such, [MDOC's] decision in RVR 01293491 [wa]s arbitrary and capricious.

The circuit court reversed the MDOC's decision and ordered that RVR No. 01293491 be expunged from Stafford's prison record.

¶9. The MDOC now appeals and argues its decision was supported by substantial evidence in the record; was not arbitrary or capricious, or beyond the agency's powers; and did not violate Stafford's constitutional rights.

STANDARD OF REVIEW

¶10. "In reviewing the decision of a circuit court concerning an agency action, this Court applies the same standard of review that court is bound to follow." *Pub. Emps.' Ret. Sys. v. Allen*, 834 So. 2d 50, 53 (¶10) (Miss. Ct. App. 2002). An agency's conclusions should not be disturbed unless the agency's order: "(1) is not supported by substantial evidence; (2) is arbitrary and capricious; (3) is beyond the scope or power granted to the agency; or (4) violates one's constitutional rights." *Id*. "Neither this Court nor the circuit court may substitute its own judgment for that of the agency [that] rendered the decision nor reweigh

3

the facts of the case." *Id*.

¶11.    In the present case, Stafford did not file a brief in response to the MDOC's appeal, as required by Mississippi Rule of Appellate Procedure 31(b).

> [F]ailure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with confidence, after considering the record and brief of [the] appealing party, that there was no error.  Automatic reversal is not required where the appellee fails to file a brief.  However, the appellant's argument should at least create enough doubt in the judiciousness of the [circuit] court's judgment that this Court cannot say with confidence that the case should be affirmed.

*Rogillio v. Rogillio*, 101 So. 3d 150, 153 (¶12) (Miss. 2012) (internal citations and quotation marks omitted).

ANALYSIS

¶12.    In his petition for judicial review, Stafford alleged a violation of his constitutional due-process rights as a result of the MDOC's failure to provide timely notice of his disciplinary hearing.  Additionally, the circuit court found that Stafford's statutory due-process rights had been violated due to the MDOC's failure to follow its administrative procedures.  We address both the constitutional and the statutory due-process claims.

        I.      *Constitutional Due Process*

¶13.    "A due[-]process violation occurs where a party is not allowed a full and complete hearing before being deprived of life, liberty[,] or property." *Leavitt v. Carter*, 178 So. 3d 334, 339 (¶17) (Miss. Ct. App. 2012) (citation omitted).  Thus, for either a procedural or substantive due-process claim, the initial requirement "is proving that the plaintiff has been deprived by the government of a liberty or property interest; otherwise, 'no right to due

4

process can accrue.'" *Id*. (quoting *Suddith v. Univ. of S. Miss*., 977 So. 2d 1158, 1170 (¶19) (Miss. Ct. App. 2007)).

¶14.    Although states may "create liberty interests [that] are protected by the Due Process Clause," these interests:

> will be generally limited to freedom from restraint[,] which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id*. at 340 (¶19) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

¶15.    "Generally, a disciplinary or administrative sanction [by prison officials] will not be considered to be an 'atypical and significant hardship' . . . unless it is determined to be 'onerous.'" *Id*. at (¶20) (citation omitted).  It is within the discretion of the prison officials "to determine whether and when to provide prisoners with privileges [that] amount to more than reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Id*. at 340-41 (¶21).

¶16.    Here, as a result of the rule violation, Stafford lost phone, visitation, and canteen privileges for thirty days.  Such losses do not represent "the type of deprivation [that] could reasonably be viewed as imposing an atypical and significant hardship on an inmate." *Id.* at 341 (¶22).  This Court has held that the "temporary restriction of phone, visitation, and canteen privileges [is] not sufficient to trigger any constitutional due[-]process concerns." *Id*. "Absent the infringement of a significant constitutional right, there can be no deprivation of constitutional due process." *Edwards v. Booker*, 796 So. 2d 991, 995 (¶19) (Miss. 2001).

Accordingly, Stafford's constitutional due-process claim fails.

## II. Statutory Due Process

¶17. Mississippi Code Annotated sections 47-5-801 to -807 (Rev. 2015) "authorize[] MDOC to adopt its administrative[-]review procedures and create[] a statutory scheme of due process." *Edwards*, 796 So. 2d at 995 (¶19). Pursuant to the MDOC's disciplinary procedures, inmates are to be notified of the time and place of the disciplinary hearing at least twenty-four hours in advance of the hearing.[2] In *Edwards*, the Mississippi Supreme Court held that "[i]f the [MDOC] refuses to follow its own administrative[-]review procedures, then its decision is by definition arbitrary and capricious." *Id*. at 994-95 (¶13).

¶18. Here, the circuit court relied on *Edwards* and found that since the MDOC failed to follow its own procedures and give Stafford at least twenty-four hours' notice of the November disciplinary hearing, its decision was arbitrary and capricious. However, we find *Edwards* distinguishable from the present case.

¶19. In *Edwards*, Edwards was removed from house arrest and placed in general population after he was found guilty of a rule violation at a disciplinary hearing. *Id*. at 993 (¶7). Edwards had retained counsel "specifically for the purpose of representing him at the [disciplinary] hearing." *Id*. at 995 (¶14). However, the MDOC denied counsel's request to be present at the disciplinary hearing and to present witnesses and other evidence in Edwards's defense. *Id*. at 993 (¶7). Edwards subsequently requested judicial review. *Id*. at (¶8). The circuit court found it lacked jurisdiction since there was no violation of due

_____

[2] *See* MDOC Standard Operating Procedure Number 18-01-01, Disciplinary Procedures, Timeliness of Disciplinary Hearing at lines 412-413.

6

process, and therefore dismissed the action. *Id*. Edwards appealed to the Mississippi Supreme Court. *Id*.

¶20. On appeal, the court noted that the MDOC disciplinary procedures specifically allowed inmates to call witnesses and present documentary evidence in their defense. *Id*. at 994 (¶12). The court recognized that while Edwards did not have a constitutional right to state-appointed counsel at the disciplinary hearing, "where one takes the initiative and goes to the expense of hiring an attorney to speak for him, the attorney should be allowed to represent his client." *Id*. at 995 (¶¶14, 17). The court concluded that the MDOC's refusal to allow Edwards's counsel to participate in the hearing and to allow Edwards to present witnesses and evidence in his defense was arbitrary and capricious. *Id.* at (¶¶13, 17). As a result, the court reversed and remanded the case to the circuit court for a factual determination of whether Edwards violated the terms of his house arrest. *Id*. at 998 (¶36).

¶21. Here, unlike in *Edwards*, Stafford did not request or retain counsel, nor did he request that witnesses or evidence be presented at his disciplinary hearing.[3] Moreover, Stafford admitted that he made the threatening statement to the inmate. As a result, unlike in *Edwards*, "remanding to the circuit court for further review would serve no purpose and would be judicially inefficient," since Stafford's claim "has no 'realistic chance of success.'" *Leavitt*, 178 So. 3d at 343 (¶30).

¶22. In *Smith v. Wesley*, 157 So. 3d 860, 862 (¶9) (Miss. Ct. App. 2015), Smith received a thirty-day loss of privileges as a result of his rule violation. On appeal, Smith claimed he

---

[3] The record specifically notes that Stafford did not request any witnesses and stated he would "present [his] defense at the hearing."

was not afforded a disciplinary hearing. *Id*. at 861 (¶6). This Court noted that Smith had not presented any evidence to refute the MDOC's findings regarding the rule violation, but instead "summarily claim[ed] he was denied an investigation and hearing." *Id*. We affirmed the circuit court's dismissal of Smith's complaint and held that "[a]lthough Smith argue[d] his due-process rights were violated, . . . not all administrative disciplinary actions are subject to a due-process analysis." *Id*. at 862 (¶¶9, 10).

¶23. Like *Smith*, Stafford has not presented any evidence to refute the MDOC's finding that he made a threatening statement to another inmate. Instead, he summarily claimed he was denied timely notice of the disciplinary hearing. However, Stafford did not request the presence of witnesses or ask to present evidence prior to his disciplinary hearing. Moreover, Stafford was present at the hearing, acknowledged the allegations set forth in the RVR, and admitted the rule violation. Consequently, we find Stafford's statutory due-process rights were not violated.

CONCLUSION

¶24. Upon review, we find the MDOC's decision was supported by substantial evidence in the record; was not arbitrary or capricious, or beyond the agency's scope or power; and did not violate Stafford's constitutional rights. Accordingly, we reverse the judgment of the circuit court and render judgment in favor of the MDOC. The decision of the MDOC should be reinstated and RVR No. 01293491 should be filed in Stafford's prison record.

¶25. **REVERSED AND RENDERED.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**